UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BEVERLY R. STAFFORD,

                                  Plaintiff,

                                                                                             <u>DECISION AND ORDER</u>

                                                                                             07-CV-6372L

                                v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                  Defendant.
_____

Plaintiff appeals from a denial of disability insurance benefits by the Commissioner of Social Security ("the Commissioner"). Pursuant to 42 U.S.C. § 405(g), this action is to review the final determination of the Commissioner.

Following two prior unsuccessful applications for disability benefits, plaintiff filed an application on December 18, 2001 for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging a disability onset date of January 10, 1984 due to back and hip pain. Her application was initially denied. (T. 32-35). A hearing was held before Administrative Law Judge ("ALJ") Franklin T. Russell. ALJ Russell issued a decision on February 4, 2004, that plaintiff was not disabled under the Social Security Act. (T. 15-28). That decision became the final decision of the Commissioner when the Appeals Council denied

review on December 3, 2004 (T. 7-9). Having been granted an extension of time to file a civil action by the Appeals Council (T. 6), plaintiff commenced an appeal in federal court, *Stafford v. Barnhart*, 05-CV-6201.

By Stipulation and Order of this Court dated December 29, 2005, the matter was thereafter remanded for a *de novo* hearing by a new ALJ. Following the new hearing, ALJ J. Michael Brounoff issued a decision on May 24, 2007 finding that plaintiff was not disabled (T. 374-382). ALJ Brounoff's decision was expressly limited to the time period between plaintiff's alleged onset date, January 10, 1984, and the date she was last insured ("DLI"), December 31, 1989 (T. 378).

**1.      Standard of Review.**

To determine whether a claimant is disabled within the meaning of the Social Security Act, the ALJ proceeds through a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R §404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe," e.g., that imposes significant restrictions on the claimant's ability to perform basic work activities. 20 CFR §404.1520(c). If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4.  If the claimant's impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §404.1509), the claimant is disabled.  If not, analysis proceeds to step four, and the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or metal work activities on a sustained basis notwithstanding limitations for the claimant's collective impairments.  *See* 20 CFR §404.1520(e), (f).  Then, the ALJ determines whether the claimant's RFC permits him to perform the requirements of his past relevant work.  If so, the claimant is not disabled.  If not, analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999), *quoting Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986).  *See* 20 CFR §404.1560(c).

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991).  Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).  "The Court carefully considers the whole

record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) *quoting Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997). Nonetheless, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002).

However, such a deferential standard is not applied to the Commissioner's conclusions of law. *See Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir.1984). Rather, this Court must independently determine if the Commissioner's decision applied the correct legal standards in determining that the plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir.1987) ("[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles").

**2.   Issues on Appeal.**

ALJ Brounoff issued a 9-page decision considering plaintiff's claim of disability, and made detailed findings to support his determination of plaintiff's RFC. I have reviewed the

record, and I believe that there is substantial evidence to support the decision of the ALJ that the plaintiff was able to perform a limited range of sedentary work during the time period encompassed by the ALJ's decision.

In summarizing the medical evidence, the ALJ described plaintiff's degenerative disc disease of the cervical and lumbar spine, and trochanteric bursitis (painful inflammation in the joint) of the left hip.  In order to control her back pain, plaintiff had required only infrequent and periodic nerve block injections in order to maintain functionality.  The reports and records of plaintiff's treating physicians, which were afforded controlling weight, indicated significant limitations only with respect to crawling, forward bending and stooping, and heavy lifting.  (T. 123-148, 227).  The ALJ also found that plaintiff's and her husband's subjective reports of disabling pain were exaggerated, in light of plaintiff's activities, including housework and camping, and her medical records, which reflected "extended periods of functionality separated by short periods of acute relapse of pain which responded to epidural injections" (T. 381).

Considering the medical evidence in light of plaintiff's age – fifty-nine years old as of the DLI – and plaintiff's ninth-grade education, the ALJ concluded that plaintiff was not totally disabled, because she retained the RFC to perform a significant range of sedentary work, with only occasional stopping.  The ALJ found that this RFC permitted plaintiff to perform her past relevant work as a light bulb assembler, resister coder, frame bender, and bulb clipper, which the ALJ concluded were all sedentary.

While I agree with plaintiff that the ALJ's conclusion concerning the "sedentary" nature of plaintiff's past relevant work was erroneous in that it was not supported by reference to the

record, the Dictionary of Occupational Titles or testimony from a vocational expert, I find that such error was harmless.  *See Matejka v. Barnhart*, 386 F. Supp. 2d 198, 205 (W.D.N.Y. 2005) ("in order to determine at step four whether a claimant is able to perform her past work, the ALJ must make a specific and substantial inquiry in to the relevant physical and mental demands associated with the claimant's past work, and compare these demands to the claimant's residual capabilities"), *quoting Kerulo v. Apfel*, 1999 U.S. Dist. LEXIS 15741 at *8 (S.D.N.Y. 1999); *Rivera v. Sullivan*, 771 F. Supp. 1339, 1353-1354 (S.D.N.Y. 1991) (decision denying benefits cannot stand where Secretary did not develop a complete record concerning plaintiff's past relevant work, and failed to make "meaningful findings" as to the requirements of plaintiff's past relevant work).

> Specifically, even if the ALJ had concluded the plaintiff could not return to her past relevant work, the sole limitation to plaintiff's ability to perform a full range of sedentary work – the limit concerning "occasional stooping" – does not foreclose a straightforward application of the Medical-Vocational Guidelines (the "Grids").  *See* Soc. Sec. Ruling 96-9p (1996) (noting that although resort to a vocational expert is generally necessary where an individual's ability to perform a full range of sedentary work is "significantly eroded . . . restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work").  Because plaintiff was a younger individual with a limited education, able to perform a significant range of unskilled sedentary work, the Grids would have directed a finding of "not disabled" in any event.  *See* .  *See* 20 C.F.R. §404 App. 2., Rule 201.18.

Based on the foregoing, while I find that ALJ Brounoff's conclusion concerning plaintiff's ability to return to her past relevant work is not supported by substantial evidence, the Grids nonetheless direct a finding of "not disabled" based upon plaintiff's RFC, the determination of which was supported by substantial evidence in the record. Accordingly, the ALJ's determination that plaintiff was not disabled from her alleged onset date of January 10, 1984 through the DLI, December 31, 1989, is affirmed.

With respect to the time period subsequent to the DLI, I note that plaintiff was two-and-a-half months from her fiftieth birthday as of the DLI and was limited to sedentary unskilled work, making her a "borderline" case for purposes of applying the Medical-Vocational Guidelines. Specifically, if plaintiff were classified as a fifty-year-old "person closely approaching advanced age," the regulations would direct a finding of disability, whereas classification as a forty-nine-year-old "younger person" would not. *See* 20 C.F.R. §404.1563, 20 C.F.R. §404 App. 2., Rules 201.09, 201.10. "Case law focusing on this issue is decisive. Mechanical application of the age criteria . . . is not appropriate in borderline cases." *Hill v. Sullivan*, 769 F. Supp. 467, 470 (W.D.N.Y. 1991). *See also Gravel v. Barnhart*, 360 F. Supp. 2d 442 ("[a]s provided by the Regulations, the Commissioner will not mechanically apply the age categories in borderline cases where the claimant is within a few days to a few months from reaching an older age category"), *citing* 20 C.F.R. §416.963(b); *Davis v. Shalala*, 883 F. Supp. 828 (E.D.N.Y. 1995) (awarding plaintiff the benefit of an older age category where plaintiff was three months from reaching it). Accordingly, I find that plaintiff is entitled to the benefit of classification as a "person closely approaching advanced age" for purposes of determining her status as of the DLI, and the matter

is remanded for the calculation and payment of benefits to plaintiff from that date, December 31, 1989, forward.

## CONCLUSION

Plaintiff's motion for summary judgment (Dkt. #5) is granted in part and denied in part; and the Commissioner's motion for summary judgment (Dkt. #7) is granted in part and denied in part. The Commissioner's decision that plaintiff, Beverly Stafford, was not disabled prior to December 31, 1989 is affirmed. The matter is remanded to the Commissioner for the calculation and payment of benefits to plaintiff from December 31, 1989 forward.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 30, 2008.